Judge Underwood,
delivered the-opiniou of the court.
In 1817, Calvin Hurd mortgaged te Samuel Blight, seventy five acres'df land on l)oe run, which the latter had sold and' conveyed to the former, to secure the payment of the purchase mcitiey.
Ifvemieehiw*accepted a ^dorand executed™ mortgage t0Pforoclo«e TCndee°c!annot protect lumsylf by1®" dor's tiffedio must rely up • on tile covenants in his deed.
*671 'In 1826, Blight filed his bill against Zadock Hurd, ■sen. he:? at law, and Zadock Hurd, jan. the administrator of Calvin Hurd then dead, to. foreclose, the equity of redemption. Pending this bill, to-wit: in March, 1827, Blight conveyed the said seventy live acres as mortgaged to him, and transferred and made over all the money due on the mortgage to James Perciful. At the May term, 1827, the death of Zadock Hurd, setr. was suggested on the record, and at the same time, Perciful tiled a bill of revivor, (as the record states,) in the nature of an original bill against the heirs of -said Zadock, sen. From an amendment filed at a subsequent term by Perciful, it seems to liavc been his design that the suit should progress in his and Blight's names as co-complainants. Nose of the defendants answered, except Justus Hurd, lie, in his answer denied that the land had descended to Zadock Hurd., sen. He claimed the whole or a part, as a purchaser from Calvin Hurd, and exhibited a deed from him, dated in May, 1820. lie denied that Blight had title when he-sold and conveyed to Calvin Hurd, and called for an exhibition of his title, and he insisted that there was a paramount equitable, if not legal title to the laud, held by Calvin Hurd, under an entry and patent, in the names of Isaac and Joseph Vanmeter. lie made his answer a cross bill, and asked for a rescission of the contract between Blight and Calvin Hurd, and that his title might be quieted.
The court dismissed the bill of the complainants, and the crossbill of the defendant, Justus Hurd, absolutely. To reverse the decree, the complainant Perciful, and the heirs of Blight, who were made parties afte'r the death of their ancestor, in his place prosecute this writ of error. '
The ground upon which the court dismissed the bill, was, we presume, the failure of Blight or Perciful to ex-bibit a title to the land. Whether it was incumbent on them to exhibit a tide, is the most important question in the cause. We are of opinion that it was not required of either, by law, to do it. The contract between Blight and Calvin Hurd, was no longer executory. It had been fully executed, so far as it related to the title. The execution of the mortgage by Calvin Hurd to Blight, is sufficient evidence, that Hurd had *672 accepted Blight’s deed of conveyance. If this was made with warranty, Hurd has his remedy upon it for any defect of title, and should be compelled to pay the purchase money, unless he could allege and prove fraud, or the existence of some fact, such as nonresidence or insolvency, upon widen the cofirt of chancery might entertain jurisdiction. Nothing of the kind has been alleged in this case. The allegation of a paramount title derived from the Vanmeter’s, is not, alone sufficient. If the contract had not been executed on the part of Blight, and he was seeking to enforce an equitable lien on the land to secure the purchase money, then it would have been incumbent upon him to shew ability <o comply with his contract by an exhibition of title. 'In,such a case, the chancellor should see that it was in nothing deficient. But whore the party has accepted a deed, it is equivalent to an acknowledgment tha! the grantor has fulfilled his engagement, or if not, that the remedy afforded by the deed will be enforced against him. With this, the chancellor should be content, and should not interfere, unless there be some allegation of the character suggested in addition to the call for the production of title.
Perciful’s bill refers to the record and proceedings in an action of ejectment, instituted by Blight’s lessee against Justus Hurd and others, in which a judgment was rendered in favor of the plaintiff, and makes them a part of the bill. Blight’s title is set out m a bill of exceptions in that cause, and from it his title appears to be superior to that of Vanmeter now relied on by Ilitrd.
In the answer of Hurd, he admits that judgment was obtained against him in the action of ejectment, and it seems that he was fully apprised of every thing relative to Blight’s title. It is contended, however, that the proceedings and papers in the action of ejectment, were improperly copied into the record In this case, and in answer to a certiorari, we are furnished with another transcript, in which the record in ejectment has been omitted. The cle’k has assigned his reasons, by way of return upon the certiorari, why he copied the record in the ejectment case into this.. The circuit court has, since the cause has been pending here, suggested on record for th s information of this court, that the pro *673 eeedings in the action of ejectment, were not filed, read, or in any way used on the trial of tills cause.
Where a bill in chancery refers to common law proceeding's of record in the same court in which it is filed, clerk ir making out a complete record should copy such proceedings, al•tho’ they may not have been 'read or used •on the trial of the chancery cause.
It becomes a question of practical importance to decide under the circumstances exhibited, how far, if at all, the record in the action of ejectment can be regarded. By the prayer of the bill, the record in ejectment is made an exhibit. Although it was a proceeding at lawj and pertained to a jurisdiction different from that which belongs to the chancellor,yet it was a proceed ing in the same court in which this suit was instituted. For since the amalgamation of chancery and common law- jurisdiction in the person of the same judge with a single clerk, we cannot with propriety make two different courts out of the Meade circuit court, in reference to the powers of the judge over the records in the clerk’s office. The record of the ejectment case having been referred to by the bill, and made part of it, being in the-same circuit court, the defendant might have claimed oyer of it, as matter of right at any time. Kendall vs. Talbott, &c. I Marshall, 322. The defendant Justus Hurd, treated it in his answer as though he -had oyer. He spoke of injoining the judgment, &c. It is clear," that as a party, he knew everything in relation to the common jaw action. It was not like a private paper, as was the case in Davis, &c. vs. Harrison, &c. IV Litt. 262, or an exhibit of that description, which might place a new face on things, or which could be explained away by parol proof. It was matter of record, the existence of which was acknowledged by bills and answer, and referred to, and spoken of by both parties. As then, it was in the same office, constituting part of the files of the same circuit court, and -being a matter adjudicated between parties, who are likewise parties to this suit, we think it was correct in the clerk to copy the common law proceedings in making out the record in this case, if an injunction^ obtained to a judgment at law, the bill uniformly re-, fers to the proceedings at law, and most generally by direct expressions makes them an exhibit. In such cases, we think it would be proper to copy the common law proceedings, in making out a complete record, although, upon the trial of the chancery suit, they may not have been read, and although they were not previously copied, and the copy fifed-in the chancery bundle. The same thing seems to us to be proper in the *674 present case. When the common law record is examined, it appears that Blight on the trial of the action oí ejectment, exhibited a title independent of that which he may have asserted under the mortgage to him. It is true that an exhibition of title upon that omission, is not an exhibition of it in this suit, but having there succeeded in obtaining a judgment, we cannot regard the proceedings at law in any light but favorable to the title of Blight. They would not, we admit, have been sufficient evidence of his title, had it been indispensable to shew one in this case, and we have noticed the subject chiefly with the view to settle the practice in copying common law records referred to by both parties in a chancery suit, about which, the clerk, whose record is made out in a manner creditable to him, has shewn in his return to the certiorari, ai very commendable solicitude.
Mills and Brown, for plaintiffs; Semple, for defendants.
Perciful’s bill, although it came in as a bill to revive upending suit, may be regarded as an original, upon which a decree may well be rendered in his favor. That Blight and his heirs, after his death, united with Perci-bí I, as co-complainants, is sanctioned by a liberal practic, and comes within theprinciple of the case of Richardson, &c. vs. McKinson, Littell’s select cases, 320.
We are of opinion that the circuit court erred in refusing to give Perciful relief. The decree is, therefore •reversed, and the cause remanded with directions to the circuit court to ascertain the amount due on- the mortgage, and'to proceed to foreclose the equity of redemption,unless it be paid. ■
Justus Hurd prosecuted an appeal from the decree, dismissing his cross bill; but it seems to have been abandoned. His ground of complaint is, that Blight’s claim was not required by the court to be surrendered, yielding to Vanmeter’s.
Vanmeter’s entry has not been shewn, much less sustained by proof. We sec no ground on which he can complain upon the merits. But his appeal must be dismissed for want of prosecution.
The plaintiffs in error must recover their costs.